COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:   In re Schindler Elevator Corporation

Appellate case number:  01-21-00177-CV

Trial court case number:  2018-56368

Trial court:     129th District Court of Harris County

On April 7, 2021, relator, Schindler Elevator Corporation, filed a petition for writ of mandamus, requesting that this Court direct the trial court to cancel an April 19, 2021 hearing set by the trial court. In its mandamus petition, relator argues that the trial court lacks plenary power over the underlying proceeding.

On November 18, 2020, in connection with an agreement of a "compromise settlement" between plaintiffs/real parties in interest Manuel Zepeda and Pricilda Luzania, individually and on behalf of L.Z., D.Z., and E.Z., minor children (the "Plaintiffs"), and defendants/real parties in interest Boxer Property Management Corp., Grupo Zocalo Management, LLC, Grupo Zocalo, LP, Town Center Mall, LP, and Town Center Property, LLC (the "Boxer Defendants"), the trial court entered a "Final Judgment" in the underlying proceeding. Notably, the Final Judgment includes the following "finality" language: "This judgment is a final order that disposes of all claims for all parties, and is appealable." *See generally Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205–06 (Tex. 2001) (discussing finality phrases). Pursuant to the mandamus record presented to this Court, it does not appear that relator was a party to the settlement agreement between Plaintiffs and the Boxer Defendants.

Despite the language of the Final Judgment, on February 17, 2021, Plaintiffs filed a "Motion to Confirm Jurisdiction" with the trial court, seeking to have the trial court "confirm[] that [it] retains jurisdiction over this case" with respect to Plaintiffs' claims against relator.[1] The trial court has set a hearing on Plaintiffs' motion for April 19, 2021. As noted above, relator has filed a petition for writ of mandamus requesting that this Court

---

1  On February 18, 2021, the Boxer Defendants filed an "Adoption by Reference of Plaintiffs' Motion to Confirm Jurisdiction," seeking to have the trial court confirm that it retains jurisdiction over cross-claims they have against relator.

direct the trial court "to cancel the hearing now set for April 19, 2021," and to further "refrain from adjudicating" Plaintiff's Motion to Confirm Jurisdiction, arguing that the trial court lacks plenary power over this case. *See* TEX. R. CIV. P. 329b(d) (trial court retains plenary power to grant new trial or vacate, modify, correct, or reform judgment within thirty days after judgment signed), 329b(f) (except to correct clerical errors, once trial court loses plenary power, party seeking to set aside judgment must file bill of review).

In connection with its petition for writ of mandamus, relator filed an "Emergency Motion for Temporary Relief," requesting that this Court stay the April 19, 2021 hearing in which the trial court will consider Plaintiffs' Motion to Confirm Jurisdiction, pending resolution of the mandamus petition. Accordingly, in both its motion to stay, as well as in its petition for writ of mandamus, relator requests that this Court direct the trial court to cancel the April 19, 2021 hearing, and to further refrain from ruling on Plaintiffs' Motion to Confirm Jurisdiction. On April 9, 2021, Plaintiffs filed a response in opposition to relator's motion to stay.

Generally, a relator is entitled to a writ of mandamus where a trial court abuses its discretion and there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004). Mandamus relief is available where a trial court enters an order without the statutory authority to do so. *See In re State ex rel. Sistrunk*, 142 S.W.3d 497, 500 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding); *In re M&O Homebuilders, Inc.*, 516 S.W.3d 101, 104 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding). However, "courts always have jurisdiction to determine their own jurisdiction." *V.I.P. Royal Palace v. Hobby Event Center LLC*, No. 01-18-00621-CV, 2020 WL 3579563, at *2 (Tex. App.—Houston [1st Dist.] July 2, 2020, no pet.) (mem. op.) (quoting *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012)).

Accordingly, relator's emergency motion for temporary relief is **denied**.

Further, the Court requests that, within ten days of the April 19, 2021 hearing regarding Plaintiffs' Motion to Confirm Jurisdiction, the parties provide this Court with a status update on the trial court's ruling.

It is so ORDERED.


Judge's signature: ___/s/ Amparo Guerra_____
       ☑ Acting individually   ☐ Acting for the Court

Date: ___April 12, 2021____