**Opinion issued July 6, 2021**



In The

# Court of Appeals

### For The

# First District of Texas

————————————

## NO. 01-21-00177-CV

————————————

## IN RE SCHINDLER ELEVATOR CORPORATION, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, Schindler Elevator Corporation ("Schindler"), has filed an amended petition for writ of mandamus[1] asserting that the trial court abused its discretion in

---

[1] Schindler first filed a petition for writ of mandamus on April 7, 2021. In its April 7, 2021 mandamus petition, Schindler asserted that the trial court lacked plenary power to hold a hearing on the "Motion to Confirm Jurisdiction" of real parties in interest, Manuel Zepeda and Pricilda Luzania, individually and on behalf of L.Z., D.Z., and E.Z., minor children, which was set to be heard by the trial court on April 19, 2021. Schindler requested that this Court direct the trial court to cancel the April 19, 2021 hearing and to further "refrain from adjudicating" the motion to confirm jurisdiction. In connection with its mandamus petition, Schindler filed an emergency motion for relief, requesting that we stay the April 19, 2021 hearing pending resolution of the mandamus petition. On April 12, 2021, we issued an order denying Schindler's emergency motion for relief. *See V.I.P. Royal Palace v. Hobby*

connection with its April 29, 2021 order on the "Motion to Confirm Jurisdiction" filed by real parties in interest, Manuel Zepeda and Pricilda Luzania, individually and on behalf of L.Z., D.Z., and E.Z., minor children. Pursuant to its April 29, 2021 order, the trial court determined that it retained jurisdiction over the case, despite the entry of a "Final Judgment" on November 18, 2020.[2]

We deny Schindler's petition for writ of mandamus.[3]

## PER CURIAM

Panel consists of Justices Kelly, Guerra, and Farris.

---

*Event Center LLC*, No. 01-18-00621-CV, 2020 WL 3579563, at *2 (Tex. App.—Houston [1st Dist.] July 2, 2020, no pet.) (mem. op.) ("[C]ourts always have jurisdiction to determine their own jurisdiction." (internal quotations omitted)). Our April 12, 2021 order further directed the parties to provide the Court with a status update after the trial court's April 19, 2021 hearing. On April 29, 2021, the parties filed a joint status update, advising the Court that the trial court confirmed that it had retained jurisdiction over the case. Schindler subsequently requested leave to file an amended petition for writ of mandamus, which this Court granted.

[2] The underlying case is *Manuel Zepeda and Pricilda Luzania, Individually and on Behalf of L.Z., D.Z., and E.Z., Minor Children v. Boxer Property Management Corp., Grupo Zocalo Management, LLC, Grupo Zocalo, L.P., Town Center Mall, L.P., Town Center Property, LLC, and Schindler Elevator Corporation*, Cause No. 2018-56368, in the 129th District Court of Harris County, Texas, the Honorable Michael Gomez presiding.

[3] While we have concluded that the trial court's November 18, 2020 "Final Judgment" does not constitute a "final" order, we caution parties that our conclusion is specific to the facts and circumstances of this mandamus petition, underlying litigation, and the specific language of the trial court's November 18, 2020 "Final Judgment." We further caution parties who are engaging in settlement negotiations with some, but not all, parties to discharge or dispose of some, but not all, claims or causes of action, to use "clear and unequivocal" language in any order and judgment so as to leave no doubt as to what parties, claims, and causes of action are being dismissed, discharged, or otherwise disposed of pursuant to that order or judgment. *See In re M & O Homebuilders, Inc.*, 516 S.W.3d 101, 106 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding).