

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00640-CV

———————————————

JOSHUA CALLOWAY, Appellant

V.

MARK GRITTON AND LINDA GRITTON, Appellees

---

On Appeal from the 467th District Court
Denton County, Texas
Trial Court No. 25-4548-467

---

Before Sudderth, CJ.; Womack and Walker, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

Appellant Joshua Calloway, appearing pro se, attempts to appeal from a November 3, 2025 "Order Granting Defendants' Motion to Dismiss Under the Texas Citizen's Participation Act [(the TCPA)]" (the Order). The Order granted the TCPA motion filed by Appellees Mike Gritton and Linda Gritton (the Grittons) seeking dismissal of the claims against them. In a letter dated April 6, 2026, we notified Calloway of our concern that we lack jurisdiction over this appeal because the Order does not state that it is final and appealable, nor does it dispose of the claims and counterclaims between Calloway and the remaining Defendants Angelina Calloway[1] and Sarah Bun.[2] *See In re Elizondo*, 544 S.W.3d 824, 826 (Tex. 2018) (orig. proceeding); *El-Saleh v. Aldirawi*, 606 S.W.3d 1, 2 (Tex. App.—Waco 2020, pet. denied) (holding Texas appellate courts have jurisdiction only over final judgments and interlocutory appeals authorized by statute); *see also* Tex. Civ. Prac. & Rem. Code §§ 27.008(b), 51.014(a)(12). We stated that this appeal could be dismissed unless he or any party desiring to continue the appeal filed with this court a response showing grounds for continuing it.

---

[1]We will refer to Angelina Calloway by her first name to eliminate any confusion with Appellant, who shares the same surname.

[2]"Plaintiff's Original Petition," the "Plaintiff's First Amended Petition," the TCPA motion, and the Order all name four defendants: the Grittons, Angelina, and Bun.

We received Calloway's response, but it does not resolve these jurisdictional gaps.[3] Therefore, our initial concern remains, and we will dismiss this appeal for want of jurisdiction.

Generally, appeals may be taken only from final judgments or interlocutory orders authorized by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001). Absent a conventional trial on the merits, a judgment is final if it either (1) states with unmistakable clarity that it is a final judgment as to all claims and all parties or (2) actually disposes of all claims and parties then before the court, regardless of its language. *Id.* at 192–93. In determining whether an order is a final judgment, we should first examine the language of the order itself. *Elizondo*, 544 S.W.3d at 827–28 (citing *Lehmann*, 39 S.W.3d at 195, 205–06); *In re M & O Homebuilders, Inc.*, 516 S.W.3d 101, 106 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding). If the order does not clearly and unequivocally indicate finality, we then look at the record to determine finality. *Elizondo*, 544 S.W.3d at 827–28; *M & O Homebuilders, Inc.*, 516 S.W.3d at 106.

Although no "magic language" renders a judgment final, "a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable." *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020). Examples of clear and unequivocal finality language include: "This judgment finally disposes of all parties and all claims and is appealable,"

---

[3]The Grittons did not file a response.

*Lehmann*, 39 S.W.3d at 206; and "This judgment is final, disposes of all claims and all parties, and is appealable," *Elizondo*, 544 S.W.3d at 825.

Here, the Order does not dispose of all parties then before the trial court, and it does not state that it is final and appealable.[4] *See Bella Palma, LLC*, 601 S.W.3d at 801; *see also Elizondo*, 544 S.W.3d at 825, 827. Because the Order does not clearly and unequivocally indicate finality, we turn to the record. *See Elizondo*, 544 S.W.3d at 827–28; *M & O Homebuilders, Inc.*, 516 S.W.3d at 106.

At the conclusion of the hearing, the trial court granted the Grittons' TCPA motion "[b]ased upon [the "Plaintiff's First Amended Petition"] and the arguments of counsel." The trial court said that it "recogniz[ed] that more pleadings may be filed on behalf of [Calloway]," and that it would "take that up when those [issues arose]." This statement contemplates that Calloway could still file additional pleadings and thus does not support a finding of finality. *See, e.g.*, *Wright v. Payne*, No. 02-19-00147-CV, 2019 WL 6003243, at *3 (Tex. App.—Fort Worth Nov. 14, 2019, no pet.) (mem. op.) (holding that where separate trials were ordered, the divorce case remained pending, and the parties were not severed, the appellate record made clear that the trial court's order was not final).

---

[4]The Order states, "Having considered the Motion to Dismiss Under the [TCPA] of Defendants Mark and Linda Gritton ('Defendants'), and all the papers filed in support thereof, and all papers in opposition thereto filed, in [sic] any, and any oral argument of counsel art [sic] any hearing on the motion, and good cause appearing therefor, the Cout [sic] hereby GRANTS the motion."

In addition to the absence of finality language, because the remaining claims against Angelina and Bun were not disposed of by the Order,[5] the Order also did not dispose of all parties and claims. *Cf. Jennings v. Pride Houston, Inc.*, No. 01-24-00132-CV, 2025 WL 1829769, at *2–3 (Tex. App.—Houston [1st Dist.] July 3, 2025, no pet.) (mem. op.) (holding order that stated it was a final judgment but included no *Lehmann* finality language and did not dispose of all parties and claims was not final). Moreover, nothing in the record indicates that the Grittons were severed from the lawsuit. *See Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 312 (Tex. 1994) ("When the problem is that an otherwise final judgment fails to dispose of all parties, the [trial] court may make the judgment final for purposes of appeal by severing the causes and parties disposed of by the judgment into a different cause."); *see also*, *Wright*, 2019 WL 6003243, at *3. Thus, the record does not support a finding of finality.

Calloway alternatively argues that the Order is appealable as an interlocutory order under Section 51.014(a)(12) of the Texas Civil Practice & Remedies Code. Under Section 51.014(a)(12), "[a] person may appeal from an interlocutory order of a district court" that "*denies* a motion to dismiss filed under Section 27.003." Tex. Civ. Prac. & Rem. Code § 51.014(a)(12) (emphasis added); *see id.* § 27.003 (governing motions to dismiss under the TCPA). In this case, the trial court *granted* the Grittons' motion to

---

[5]The claims against Angelina and Bun appear to be pending in the trial court—and Calloway likewise indicated the same in his response to our jurisdiction letter.

dismiss under the TCPA. The statute does not authorize an interlocutory appeal of the *grant* of a TCPA motion to dismiss. *First Sabrepoint Cap. Mgmt., L.P. v. Farmland Partners Inc.*, 712 S.W.3d 75, 84 n.6 (Tex. 2025). Thus, we have no jurisdiction over an interlocutory appeal challenging the Order.

Because the Order is not final, *see Lehmann*, 39 S.W.3d at 192–93, and is not an order for which an interlocutory appeal has been authorized by statute, *see, e.g.*, Tex. Civ. Prac. & Rem. Code § 51.014(a)(12); *First Sabrepoint Cap. Mgmt.*, 712 S.W.3d at 84 n.6, we do not have jurisdiction over this appeal. *See In re Roxsane R.*, 249 S.W.3d 764, 774–75 (Tex. App.—Fort Worth 2008, orig. proceeding) ("Texas appellate courts have jurisdiction only over final orders or judgments unless a statute permits an interlocutory appeal."). We therefore dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f). We likewise dismiss any pending motions for relief.[6]

/s/ Dana Womack

Dana Womack
Justice

Delivered: April 30, 2026

---

[6]This includes Calloway's pending "Motion for Extension of Time for Clarification Order."

6