

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00642-CV

———————————————

COREY MORRELL, Appellant

V.

BURTON BAKER, INDIVIDUALLY AND IN HIS PROFESSIONAL CAPACITY,
LUMMUS, HALLMAN, PRITCHARD & BAKER, P.C., AND MERCER
TRANSPORTATION CO., INC., Appellees

---

On Appeal from the 236th District Court
Tarrant County, Texas
Trial Court No. 236-363739-25

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

Before us is a motion to dismiss and a supplement to the motion to dismiss filed by Appellees—Burton Baker, Individually and in his Professional Capacity; Lummus, Hallman, Pritchard & Baker, P.C.; and Mercer Transportation Co., Inc.— asking that we dismiss this appeal filed by Appellant Corey Morrell because it is not from a final judgment or an appealable interlocutory order. We agree with Appellees that Morrell's appeal is from neither a final judgment nor an appealable interlocutory order. We will thus dismiss this appeal for want of jurisdiction.

## II. BACKGROUND

In April 2025, Morrell filed a lawsuit against Appellees in the trial court. Morrell later filed a first amended petition and a second amended petition. In his second amended petition—his live pleading[1]—Morrell brought fourteen claims against Appellees: (1) fraudulent lien filing, (2) slander of title, (3) abuse of process,

---

[1] The parties dispute which document is Morrell's live pleading. Appellees claim that Morrell filed a third amended petition—what they say is the live pleading— pointing to a document titled "Plaintiff's Third Amended Petition" that was attached as an exhibit to a motion filed by Appellees in the trial court. Morrell argues that his second amended petition is "[t]he live pleading in the clerk's record." He explains that while he initially transmitted a third amended petition to the trial court, the "envelope [for that filing] was later cancelled in the e-filing system and never resulted in a separate docket entry or index line for a Third Amended Petition." After receiving Morrell's notice of appeal and Appellees' motion to dismiss the appeal, we checked with the trial court clerk regarding whether Morrell had filed a third amended petition. We were informed by the clerk that Morrell had not filed a third amended petition.

(4) constructive fraud and misrepresentation, (5) civil conspiracy, (6) negligence, (7) intentional infliction of emotional distress, (8) declaratory judgment, (9) collateral challenge to domesticated judgment, (10) declaratory relief regarding venue clause, (11) violation of the Deceptive Trade Practices Act, (12) filing a fraudulent court record / constructive fraud through judicial misrepresentation, (13) gross negligence, and (14) unjust enrichment.

Appellees filed a Rule 91a motion to dismiss and a Texas Citizens Participation Act (TCPA) motion to dismiss (collectively, the Motions). *See* Tex. R. Civ. P. 91a.1; Tex. Civ. Prac. & Rem. Code Ann. § 27.003. The trial court later signed an order granting the Motions (the Order on the Motions). In the Order on the Motions, the trial court said that the Motions were granted and that "the following causes of action asserted by [Morrell] in this lawsuit are hereby DISMISSED WITH PREJUDICE: (1) fraudulent lien; (2) slander of title; (3) abuse of process; (4) civil conspiracy; (5) negligence; (6) intentional infliction of emotional distress; (7) Deceptive Trade Practices Act violation; (8) gross negligence; and (9) unjust enrichment." The trial court also stated that "[Morrell's] only remaining claims in this lawsuit are Counts 1, 3, and 5 in Plaintiff's Third Amended Petition." The trial court further said that Appellees were entitled to an award of attorney's fees under Rule 91a.7 and Section 27.009(a)(1) of the Texas Civil Practice and Remedies Code. *See* Tex. R. Civ. P. 91a.7; Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a)(1).

Morrell later filed a motion to correct or clarify the Order on the Motions. In his motion to correct or clarify, Morrell pointed out that "[t]here is no Third Amended Petition on file" and that his "live pleading is the Second Amended Petition." Morrell argued that the Order on the Motions "create[d] an internal inconsistency" because it "dismisse[d] certain causes of action by title and . . . state[d] that numerically corresponding counts remain." Morrell requested that the trial court correct the Order on the Motions to account for the alleged internal inconsistency or, alternatively, to clarify what claims survived against Appellees. The trial court later signed an order denying Morrell's motion to correct or clarify.

After the trial court signed the Order on the Motions, Appellees filed an application for their attorney's fees. The trial court later signed an order granting Appellees' application for attorney's fees (the Fee Order). In the Fee Order, the trial court awarded Appellees certain attorney's fees from Morrell. The Fee Order contemplated that claims against Mercer Transportation were still pending, as the Fee Order stated that Morrell was restrained from serving any written discovery or deposition notices on Mercer Transportation until Morrell had complied with the order. The Fee Order also contained a Mother Hubbard Clause—a statement that "[a]ll other relief not expressly granted herein is denied"—and a provision saying that "[a]ll writs and process for enforcement of this order may issue as necessary."

4

Morrell later filed a notice of appeal from the Fee Order and the Order on the Motions.[2] Appellees moved to dismiss Morrell's appeal, arguing that it was not from a final judgment or an appealable interlocutory order. Morrell responded, claiming that the trial court had rendered a final judgment. After making that response, Morrell filed his appellate brief, in which he changed his position regarding finality. In his appellate brief, Morrell argued that "[t]he [t]rial [c]ourt's refusal to correct or clarify an obviously confusing order leaves the case without a clear final judgment."

## III.  DISCUSSION

### A.  The Law Regarding Finality

Generally, appeals may be taken only from final judgments or interlocutory orders authorized by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001). Absent a conventional trial on the merits, a judgment is final if it either (1) states with unmistakable clarity that it is a final judgment as to all claims and all parties or (2) actually disposes of all claims and parties then before the court, regardless of its language. *Id.* at 192–93. In determining whether an order is a final judgment, we should first examine the language of the order itself. *In re Elizondo*, 544 S.W.3d 824, 827–28 (Tex. 2018) (orig. proceeding) (citing *Lehmann*, 39 S.W.3d at 195, 205–06); *In re M & O Homebuilders, Inc.*, 516 S.W.3d 101, 106 (Tex. App.—

---

[2]Morrell had previously filed a separate notice of appeal pertaining to the Order on the Motions. After we questioned our jurisdiction over that appeal, Morrell filed a notice of withdrawal of that appeal, which we granted. *See Morrell v. Baker*, No. 02-25-00439-CV, 2025 WL 2679336, at *1 (Tex. App.—Fort Worth Sept. 18, 2025, no pet.) (mem. op.).

5

Houston [1st Dist.] 2017, orig. proceeding).  If the order does not clearly and unequivocally indicate finality, we then look at the record to determine finality. *Elizondo*, 544 S.W.3d at 827–28; *M & O Homebuilders, Inc.*, 516 S.W.3d at 106.

Although no "magic language" renders a judgment final, "a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable." *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020).  Examples of clear and unequivocal finality language include:  "This judgment finally disposes of all parties and all claims and is appealable," *Lehmann*, 39 S.W.3d at 206, and "This judgment is final, disposes of all claims and all parties, and is appealable," *Elizondo*, 544 S.W.3d at 825.

## B.  Neither The Order on the Motions Nor the Fee Order Contains Clear and Unequivocal Finality Language

We begin by determining whether either the Order on the Motions or the Fee Order states with unmistakable clarity that it is a final judgment as to all claims and all parties.  *See Elizondo*, 544 S.W.3d at 827–28; *M & O Homebuilders, Inc.*, 516 S.W.3d at 106.

After examining the Order on the Motions and the Fee Order, we find no language in them indicating that the trial court rendered a final and appealable disposition of all claims and parties.  *See Bella Palma, LLC*, 601 S.W.3d at 801.  Indeed, nothing in the Order on the Motions or the Fee Order comes close to the examples offered in *Elizondo* and *Lehmann* to indicate finality.  *See Elizondo*, 544 S.W.3d at 825

6

("This judgment is final, disposes of all claims and all parties, and is appealable."); *Lehmann*, 39 S.W.3d at 206 ("This judgment finally disposes of all parties and all claims and is appealable."). To the contrary, both of the orders signal that pending claims remain. The Order on the Motions explicitly references what the trial court sees as pending claims—"Plaintiff's only remaining claims in this lawsuit are Counts 1, 3, and 5 in Plaintiff's Third Amended Petition." The Fee Order similarly suggests that claims remain, as it states that Morrell is restrained from serving any written discovery or deposition notices on Mercer Transportation until Morrell has complied with the order.

In his response to Appellees' motion to dismiss the appeal, Morrell offers several arguments in support of finality. He points to language in the Fee Order stating that "[a]ll writs and process for enforcement of this order may issue as necessary." According to Morrell, execution is a remedy only available with final judgments, and thus, the execution language is indicative of finality. However, language permitting execution does not unequivocally express finality in the absence of a judgment that actually disposes of all parties and all claims. *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005) (orig. proceeding); *see Meadors v. Makowski*, 658 S.W.3d 420, 425 (Tex. App.—Corpus Christi–Edinburg 2022, pet. denied) (rejecting argument that trial court's judgment was a final judgment merely because it contained language permitting execution to issue).

Morrell also argues that the Fee Order's Mother Hubbard clause is a clear sign of finality. But courts have repeatedly held that a Mother Hubbard clause is not a conclusive sign of finality. *See, e.g.*, *In re R.R.K.*, 590 S.W.3d 535, 541 (Tex. 2019); *Lehmann*, 39 S.W.3d at 206–07; *see also Meadors*, 658 SW.3d at 425 (rejecting argument that Mother Hubbard clause contained in judgment indicated finality when said judgment contained no language expressing finality as to all claims and parties). And while Morrell initially argued that the trial court had rendered a final judgment, in his more-recently filed appellate brief, Morrell argues that the case does not contain a "clear final judgment."

Based on our review of the face of the Order on the Motions and the face of the Fee Order, we hold that neither the Order on the Motions nor the Fee Order states with unmistakable clarity that it is a final and appealable order as to all claims and all parties. *See Bella Palma, LLC*, 601 S.W.3d at 801; *Lehmann*, 39 S.W.3d at 192–93.

## C. The Record Does Not Demonstrate That Either the Order on the Motions or the Fee Order is Final

Because the Order on the Motions and the Fee Order do not contain unambiguous language of finality, we next examine the record to determine whether every pending claim and party was disposed of when the Order on the Motions and the Fee Order were signed. *See Elizondo*, 544 S.W.3d at 827–28; *M & O Homebuilders, Inc.*, 516 S.W.3d at 106.

8

Our examination of the record reveals that Morrell's live pleading was his second amended petition. In that petition, Morrell brought fourteen claims against Appellees. In the Order on the Motions, the trial court expressly stated that nine claims were dismissed with prejudice. The Order said nothing with respect to the dismissal of the five other claims contained in Morrell's second amended petition— (1) constructive fraud and misrepresentation, (2) declaratory judgment, (3) collateral challenge to domesticated judgment, (4) declaratory relief regarding venue clause, and (5) filing a fraudulent court record / constructive fraud through judicial misrepresentation. The Fee Order similarly said nothing with respect to the dismissal of those five claims.

Based on our review of the record, we hold that neither the Order on the Motions nor the Fee Order actually disposed of all claims and parties then before the trial court.[3] *See Lehmann*, 39 S.W.3d at 192–93. And neither the Order on the Motions nor the Fee Order are appealable interlocutory orders. *See Harrell v. Evans*, No. 01-21-00666-CV, 2023 WL 3634318, at *3 (Tex. App.—Houston [1st Dist.] May 25, 2023, no pet.) (mem. op.) (holding that order granting Rule 91a motion to dismiss was not an appealable interlocutory order); *Cent. States Water Res., Inc. v. Undine Dev., LLC*, No. 02-22-00134-CV, 2022 WL 2526944, at *2 (Tex. App.—Fort Worth July 7, 2022, no pet.) (mem. op.) (collecting cases for the proposition that an order

---

[3]In his appellate brief, Morrell states that the trial court's orders "cannot satisfy *Lehmann*'s requirement of a clear, final judgment disposing of all claims and parties or unmistakably stating that it does." We agree.

granting a TCPA motion to dismiss is not an appealable interlocutory order); *Eureka Holdings Acquisitions, L.P. v. Marshall Apartments, LLC*, 597 S.W.3d 921, 924 (Tex. App.—Austin 2020, pet. denied) (holding that no statutory basis existed for interlocutory appeal of trial court's order awarding attorney's fees stemming from partial grant of TCPA motion to dismiss).

## IV. CONCLUSION

Because neither the Order on the Motions nor the Fee Order is a final judgment or an appealable interlocutory order, we dismiss Morrell's appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Dana Womack

Dana Womack
Justice

Delivered: March 26, 2026